**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| B.A.S.S. & M., INC., *et al.*,[1] | Case No. 24-15381 (DRC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION TO DISQUALIFY THOMPSON HINE LLP
FROM REPRESENTING CERTAIN DEBTORS' BOARD OF DIRECTORS**

**PLEASE TAKE NOTICE** that on April 8, 2025, at 10:00 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, the Debtors will appear before the Honorable Judge Donald R. Cassling or any judge sitting in his place, either in Courtroom 619 of Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, or electronically as described below, and present the *Debtors' Motion to Disqualify Thompson Hine LLP from Representing Debtors' Board of Directors* (the "Motion"), a copy of which is attached hereto.

**Important: Only parties and their counsel may appear for presentment of the Motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 414 7941 and the passcode is 619. The meeting ID and passcode can also be found on Judge Cassling's page on the court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without a hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: B.A.S.S. & M, Inc. (6526), Dagny, LLC (3773), Daisyland, LLC (4095), Darcy, LLC (4150), Darden, LLC (5120), Debrox, LLC (1153), Derby, LLC (5201), Dion, LLC (9166), Direct, LLC (9148), Distinctive, LLC (4773), Dorchester, LLC (9158), Dover I, LLC (4933), MGIL LLC (9877), Real Soil, LLC (4640), Real Taxes, LLC (4983), Regal, LLC (6733), S.T.E.P.A., Inc. (1785), STTA LLC (0073), Super I, LLC (5421), Vital, LLC (9882), Vivid, LLC (0238). The location of the Debtors' service address is: 2516 Waukegan Rd #339, Glenview, Illinois 60025.

**PLEASE TAKE FURTHER NOTICE** that you may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: April 3, 2025                    Respectfully submitted,

                                        **HUSCH BLACKWELL LLP**

                                        By: */s/ Michael A. Brandess*
                                        Michael A. Brandess
                                        (ARDC # 6299158)
                                        Michael.Brandess@huschblackwell.com
                                        120 South Riverside Plaza, Suite 2200
                                        Chicago, IL 60606
                                        (312) 526-1542
                                        (312) 655-1501 *facsimile*

                                        *-and-*

                                        Lynn Hamilton Butler
                                        (Texas Bar No. 03527350)
                                        Lynn.Butler@huschblackwell.com
                                        Thomas J. Zavala
                                        (admitted *pro hac vice*)
                                        Tom.Zavala@huschblackwell.com
                                        111 Congress Ave, Suite 1400
                                        Austin, Texas 78701
                                        (512) 472-5456
                                        (512) 479-1101 *facsimile*

                                        *Counsel to the Debtors*

## Certificate of Service

I, Michael A. Brandess, an attorney, certify that I caused a copy of this notice and the attached motion to be served on each entity shown on the following service list at the address shown and by the method indicated on the list on April 3, 2025.

**Via ECF**
Nine Left Capital Master Fund LP
c/o Edward M. Casmere
Norton rose Fulbright US LLP
1045 S. Fulton Market, Suite 1200
Chicago, IL 60607
Email: ed.casmere@nortonrosefulbright.com

**Via ECF**
City of Chicago
c/o Peter Cavanaugh, Jaime Dowell,
David Paul Holtkamp, and Laura Lefkow
City of Chicago Department of Law
121 N. LaSalle Street, Room 400
Chicago, IL 60602
Email: jaime.dowell@cityofchicago.org
Email: david.holtkamp2@cityofchicago.org
Email: peter.cavanaugh@cityofchicago.org
Email: laura.lefkow-hynes@cityofchicago.org

**Via ECF**
Landsman Saldinger Carroll, PLLC
c/o Richard Saldinger
161 N. Clark St., #1600
Chicago, IL 60601
Email: saldinger@lsclegal.com

**Via ECF**
Board of Directors and Authorized
Representatives of Debtors
c/o Micah Fishman
Thompson Hine LLP
20 N. Clark Street, Suite 3200
Chicago, IL 60602
Email: micah.fishman@thompsonhine.com

-and-

Austin B. Alexander
Thompson Hine LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326-4266
Email: austin.alexander@thompsonhine.com

**Via ECF**
Non-Debtor Parties
c/o Jonathan M. Cyrluk
Carpenter Lipps LLP
180 N. LaSalle Street, Suite 2105
Chicago, IL 60601
Email:  cyrluk@carpenterlipps.com

-and-

David A. Beck
Carpenter Lipps LLP
280 N. High Street
Columbus, OH 43215
Email: beck@carpenterlipps.com

**Via ECF**
Office of the United States Trustee
Northern District of Illinois
c/o Adam Brief
219 S. Dearborn Street, Room 873
Chicago, IL 60604
Email: Ustpregion11.es.ecf@usdoj.gov

**Via ECF**
Charles L. Walker
c/o Monique B. Howery
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Email: mhowery@rshc-law.com

**Via ECF**
Isias Ramos
c/o David C. Nelson
Nelson Law Office
53 West Jackson Boulevard, Suite 430
Chicago, IL 60604
Email: dcnelson@nelsonlawoffice.com

Dated: April 3, 2025

By: */s/ Michael A. Brandess*
    Michael A. Brandess
    Husch Blackwell LLP
    120 South Riverside Plaza, Suite 2200
    Chicago, IL 60606
    Telephone: (312) 655-1500
    Facsimile: (312) 655-1501
    michael.brandess@huschblackwell.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| B.A.S.S. & M., INC., *et al.*,[1] | Case No. 24-15381 (DRC) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION TO DISQUALIFY THOMPSON HINE LLP
FROM REPRESENTING DEBTORS' BOARD OF DIRECTORS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for entry of an order disqualifying the law firm Thompson Hine LLP ("Thompson Hine") from representing the Debtors' Board of Directors (collectively, the "Board"), or any other party materially adverse to the Debtors, in these chapter 11 cases (the "Cases"). In support of this Motion, the Debtors respectfully state as follows:

**Introduction**

1.      Thompson Hine has represented, or currently represents, three groups of parties currently involved in these Cases.  First, Thompson Hine has served, and potentially still serves, as Ms. Suzie Wilson's and Ms. Swedlana Dass's personal estate planning counsel.  Ms. Wilson and Ms. Dass constitute the Board's sole directors, as well as the Debtors' indirect equity holders.  Second, Thompson Hine was initially engaged to serve as chapter 11 debtors' counsel in preparation for these cases.  Because of the departure of one of Thompson Hine's partners for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: B.A.S.S. & M, Inc. (6526), Dagny, LLC (3773), Daisyland, LLC (4095), Darcy, LLC (4150), Darden, LLC (5120), Debrox, LLC (1153), Derby, LLC (5201), Dion, LLC (9166), Direct, LLC (9148), Distinctive, LLC (4773), Dorchester, LLC (9158), Dover I, LLC (4933), MGIL LLC (9877), Real Soil, LLC (4640), Real Taxes, LLC (4983), Regal, LLC (6733), S.T.E.P.A., Inc. (1785), STTA LLC (0073), Super I, LLC (5421), Vital, LLC (9882), and Vivid, LLC (0238). The location of the Debtors' service address is: 2516 Waukegan Rd #339, Glenview, Illinois 60025.

1

another firm, discussed more thoroughly below, the Debtors ultimately moved the engagement to another firm. And third, Thompson Hine is now counsel to the Board.

2.      As company counsel, Thompson Hine undertook meaningful activity to prepare for the Debtors' bankruptcy filings. Thompson Hine received confidential and sensitive information and had various duties to represent the Debtors' best interests.

3.      As Board counsel, Thompson Hine has taken a position that is materially adverse to the Debtors, and it has done so without receiving a conflict waiver from the Debtors. Accordingly, under applicable law, Thompson Hine should be disqualified from further participation in these Cases.

### Background

4.      Ms. Rima Ports is an attorney with Thompson Hine since October 2023. She served, and potentially continues to serve, as personal and succession planning counsel to Ms. Wilson and Ms. Dass.

5.      In 2024, Ms. Ports introduced Ms. Wilson and Ms. Dass to former Thompson Hine partner, Scott Lepene.   Under Mr. Lepene's oversight, Thompson Hine was retained to serve as counsel to the Debtors in preparation for their chapter 11 filings. Thompson Hine received a meaningful retainer for its services, which included:

- Preparation of bankruptcy petitions;

- Beginning to search for and negotiate debtor-in-possession financing;

- Beginning to analyze the City of Chicago's claims against the Debtors;

- Selection of a real estate broker and real property appraiser; and

- Preparation of a general bankruptcy strategy.

6.      Mr. Lepene left Thompson Hine for another firm in August 2024, and Ms. Wilson and Ms. Dass elected to move the bankruptcy engagement with Mr. Lepene.

7.      The Debtors commenced these Chapter 11 Cases on October 16, 2024 (the "Petition Date"). As stated in Ms. Wilson's Declaration in Support of Chapter 11 Petitions and First Day Pleadings (Dkt. No. 24), the filings were a direct result of the City of Chicago's (the "City") litigation against the Debtors.

8.      On January 17, 2025, the Debtors moved to appoint Mr. Brian Ayers chief restructuring officer for the Debtors (the "CRO Motion") (Dkt. No. 227). One of the core reasons for Mr. Ayers' appointment was to "reset" the Debtors' relationship with the City. *See* CRO Motion at ¶ 1(c).  An order approving the CRO Motion was entered on January 17, 2025. (Dkt. No. 319).

9.      On February 28, 2025, Micah J. Fishman, an associate with Thompson Hine, filed an appearance for "Board of Directors and Authorized Representatives of Debtors (not as counsel for Debtors)."  The notice of appearance does not specify which board of directors Mr. Fishman represents.  (Dkt. No. 395)

10.     On March 11, 2025, after weeks of extensive negotiations, the Debtors filed a motion seeking approval of their settlement agreement with the City (the "Settlement Motion"). (Dkt. No. 400).  Therein, the Debtors argue that the proposed settlement is in the best interests of the Debtors' estates.

11.     That same day, Austin Bruce Alexander, an associate with Thompson Hine filed his appearance in the Cases.  (Dkt. 407).  As with Mr. Fishman, his appearance indicated that he represents the "Board of Directors and Authorized Representatives of Debtors (not as counsel for Debtors)."

12.     On March 28, 2025, Ms. Wilson, Ms. Dass, and other Non-Debtor Entities filed an objection (the "Settlement Objection") to the Settlement Motion. (Dkt. No. 440). The Board, through Thompson Hine, filed a joinder to the Settlement Objection (Dkt. No. 441).

13.     Despite their prior role as pre-filing company counsel, at no point did any attorney or agent of Thompson Hine request a conflict waiver from the Debtors for Thompson Hine's engagement as Board counsel.

## Relief Requested

14.     Through this Motion, the Debtors request entry of an order disqualifying Thompson Hine from representing the Board, or any other party, in connection with these Chapter 11 Cases or any other proceedings related to the Debtors on the basis of Thompson Hine's conflict of interest.

## Basis for Relief

### I.    Legal Standard.

#### A.    Duties to Former Clients

15.     A lawyer's duties to a former client are governed by Rule 1.9 of the Illinois Rules of Professional Conduct.[2] Under Rule 1.9(a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Ill. R. Prof. Conduct 1.9(a). "Matters are 'substantially related' for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would

---

[2]     To the extent Thompson Hine's engagement was governed by the Ohio Rules of Professional Conduct, the same standard applies. *See* Ohio R. Prof. Conduct 1.9(a) ("Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client.").

normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Ill. R. Prof. Conduct 1.9, cmt. 3. "A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter." *Id.* Rather, "[a] conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services." *Id.*

16.     Under Rule 1.9(b), "[a] lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client whose interests are materially adverse to that person[,] and about whom the lawyer had acquired [confidential information] that is material to the matter[,] unless the former client gives informed consent." Ill. R. Prof. Conduct 1.9(b). Rule 1.9(b) "operates to disqualify the lawyer . . . when the lawyer involved has actual knowledge of [protected confidential] information." Ill. R. Prof. Conduct 1.9, cmt. 5. To determine whether a lawyer actually acquired confidential information about a client of her former firm whom she did not personally represent, a court should consider the "situation's particular facts, aided by inferences, deductions or working presumptions that reasonably may be made about the way in which lawyers work together." Ill. R. Prof. Conduct 1.9, cmt. 6. For instance, if a lawyer had "general access to files of all clients of a law firm and regularly participate[d] in discussions of their affairs," a court should "infer[ ] that [the] lawyer in fact [was] privy to all information about all the firm's clients." *Id.* On the other hand, if the lawyer had "access to the files of only a limited number of clients and participate[d] in discussions of the affairs of no other clients," it

generally "should be inferred that [the] lawyer in fact [was] privy to information about the clients actually served but not those of other clients." *Id.*

17.    Further, if a lawyer is prohibited from representing a person under Rule 1.9, no other lawyer in the same firm may represent that person "unless the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom." Ill. R. Prof. Conduct 1.10(a), (e).

### B.    Whether Matters are "Substantially Related."

18.    To determine whether two matters are substantially related, a trial court must conduct a three-step inquiry. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 180 (1997) (adopting standard from *LaSalle Nat. Bank v. County of Lake*, 703 F.2d 252, 255–56 (7th Cir. 1983)). The court first "must make a factual reconstruction of the scope of the prior legal representation." *LaSalle Nat. Bank*, 703 F.2d at 255. The court then must "determine[ ] whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters." *Id.* at 255–56. This aspect of the inquiry "avoids requiring disclosure of confidential information by focusing upon the general features of the matters involved and inferences as to the likelihood that confidences were imparted by the former client that could be used to adverse effect in the subsequent representation." Restatement (Third) of the Law Governing Lawyers § 132, cmt. d(iii) (2000). Finally, the court must "determine[ ] whether that information"—*i.e.*, the confidential information that ordinarily would have been disclosed to a lawyer in the course of the prior representation—"is relevant to the issues raised in the litigation pending against the former client." *LaSalle Nat. Bank*, 703 F.2d at 256. Under this test, "[t]he party seeking disqualification bears the burden of establishing that the present and former representations are substantially related." *Schwartz*, 177 Ill. 2d at 177–78.

**II.     The Court Should Disqualify Thompson Hine Because the Matters are Exactly the Same and Create a Conflict of Interest.**

19.     Thompson Hine represented the Debtors in preparation for their bankruptcy filing, and it now represents the Board, who has objected to the Debtors' proposed settlement with the City. Given the nature of Thompson Hine's pre-filing work for the Debtors, the Debtor entities would have disclosed considerable sensitive and confidential information to Thompson Hine. Accordingly, the matters are substantially related under the *LaSalle Nat. Bank* standard.

20.     Because the matters are substantially related, the Illinois Rules of Professional Conduct prevent Thompson Hine from representing a materially adverse new interest in the matters absent consent of the former client. Ill. R. Prof. Conduct 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."). Thompson Hine has not obtained the consent of the Debtors, and the Debtors do not consent to the firm's representation of the Board. Thompson Hine's representation of the Board violates the Illinois Rules of Professional Conduct, and the Court should disqualify them from further representing the Board or any other parties adverse to the Debtors in these Chapter 11 Cases.

**III.    Thompson Hine Should be Prohibited from Seeking Compensation from the Debtors' Estates**

21.     At the onset of these cases, the Debtors, the City, and the Debtors' post-petition lender negotiated a budget to administer these Cases. The budget was designed with the primary purpose of selling all of the Debtors' 812 real property interests in the Chicagoland area and distributing the funds in accordance with the absolute priority rule. Dealing with the City's aggressive litigation proved both necessary and expensive. And while the parties initially had hope that Hilco's sale efforts would net an outsized return, the process has proven more

challenging than expected. There simply is no room in the budget to account for an additional and largely unnecessary professional firm such as Thompson Hine.

22.     Thompson Hine has not indicated how it intends to get compensated, and it has not filed a retention application providing any clarity on that issue. There is no pending motion for substantial contribution before the Court. However, the Debtors and their post-petition lender are both carefully monitoring expenditures. Given that there are grounds to disqualify Thompson Hine, the Debtors respectfully request that the Court prohibit Thompson Hine from seeking compensation from the Debtors' estates for any services rendered.

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter an order disqualifying Thompson Hine from continuing to represent Ms. Wilson and Ms. Dass in their capacities as board members and authorized members for the reasons stated.

Dated: April 3, 2025

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Michael A. Brandess*
    Michael A. Brandess
    (ARDC #6299158)
    Michael.Brandess@huschblackwell.com
    120 South Riverside Plaza, Suite 2200
    Chicago, IL 60606
    (312) 526-1542
    (312) 655-1501 *facsimile*

    *-and-*

    Lynn Hamilton Butler
    (Texas Bar No. 03527350)
    Lynn.Butler@huschblackwell.com
    Thomas J. Zavala
    (admitted *pro hac vice*)
    Tom.Zavala@huschblackwell.com
    111 Congress Ave, Suite 1400
    Austin, Texas 78701
    (512) 472-5456
    (512) 479-1101 *facsimile*

    *Counsel to the Debtors*