**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Hon. Daniel R. Fine |
| **B.A.S.S. & M., INC.**, *ET AL.*, | No. 24-bk-15381<br>Chapter 7 |
| Debtors. | Hearing Date: April 14, 2026<br>Hearing Time: 10:00 a.m. |

**NOTICE OF MOTION**

TO:    See attached Service List

PLEASE TAKE NOTICE that on April 14, 2026, at 10:00 a.m., I will appear before the Honorable Daniel R. Fine or any judge sitting in that judge's place, either in courtroom 619 of the Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois, 60604, or electronically as described below, and present the City of Chicago's Motion to Compel Turnover of Documents and Records from Debtors' Attorney Douglas Belofsky under 11 USC 542(e), a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 414 7941 and no passcode is required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated:    April 6, 2026

Respectfully submitted,

**CITY OF CHICAGO,** NOT INDIVIDUALLY, BUT DERIVATIVELY ON BEHALF OF THE DEBTORS' BANKRUPTCY ESTATES,

Corporation Counsel
Mary B. Richardson-Lowry

By /s/    Angelica Harb
Assistant Corporation Counsel

Angelica Harb, Assistant Corporation Counsel
City of Chicago Department of Law
121 North La Salle Street, Suite 400
Chicago, Illinois 60602
312-742-0661
Angelica.harb@cityofchicago.org
COALservice@cityofchicago.org

2

## CERTIFICATE OF SERVICE

I, Angelica Harb, an attorney, hereby certify that on April 6, 2026, I caused a copy of the attached Motion to Compel Turnover of Documents and Records from Debtors' Attorney Douglas Belofsky under 11 USC 542(e) to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List and by U.S. mail, proper postage paid, on the Non-Registrants designated on the below Service List.

Dated     April 6, 2026          /s/      Angelica Harb_____
                                          Assistant Corporation Counsel

## Service List

### Registrants
(Via CM/ECF)

- Paul M. Bach paul@bachoffices.com, pnbach@bachoffices.com;bachecf@gmail.com;bach.paulm.b122358@notify.bestcase.com
- Michael A Brandess    michael.brandess@huschblackwell.com, Docket.Bankruptcy@huschblackwell.com;michael-brandess-5090@ecf.pacerpro.com
- Adam G. Brief    Ustpregion11.es.ecf@usdoj.gov
- Edward Casmere    ed.casmere@nortonrosefulbright.com, robert.hirsh@nortonrosefulbright.com,eric.daucher@nortonrosefulbright.com,nymcocalendaring@nortonrosefulbright.com,calendaring-nortonrose-9955@ecf.pacerpro.com
- Peter Cavanaugh    peter.cavanaugh@cityofchicago.org
- Elizabeth Conard  Elizabeth.conard@cityofchicago.org
- Jonathan M. Cyrluk    cyrluk@carpenterlipps.com, figueroa@carpenterlipps.com
- Jaime Dowell    jaime.dowell@cityofchicago.org
- Ryan C. Hardy    rhardy@lplegal.com, rhardy@spencerfane.com, nbailey@lplegal.com;druiz@lplegal.com;kpatton@lplegal.com;ikropiewnicka@lplegal.com
- David Paul Holtkamp    David.Holtkamp2@cityofchicago.org
- Ariane Holtschlag, trustee    aholtschlag@ph-firm.com,
- Jeffrey Paulsen    jpaulsen@ph-firm.com
- Monique B. Howery    mhowery@rshc-law.com, docketdept@rshc-law.com
- Laura Lefkow-Hynes    laura.lefkow-hynes@cityofchicago.org
- Kristina Anne McClure Kristina.mcclure@cityofchicago.org
- Angelica Harb    angelica.harb@cityofchicago.org
- Richard A. Saldinger    saldinger@lsclegal.com
- Elizabeth B Vandesteeg    evandesteeg@lplegal.com

**Non-Registrants**
Via U.S. Mail

Law Offices of Douglas Belofsky, P.C.
c/o Douglas Belofsky
707 Skokie Boulevard, Suite 600
Northbrook, Illinois 60062

Douglas Belofsky
707 Skokie Boulevard, Suite 600
Northbrook, Illinois 60062

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Hon. Daniel R. Fine |
| B.A.S.S. & M., Inc., *et al.*, | No. 24-bk-15381<br>Chapter 7 |
| Debtors. | Hearing Date: April 14, 2026<br>Hearing Time: 10:00 a.m. |

**CITY OF CHICAGO'S MOTION TO COMPEL TURNOVER
OF DOCUMENTS AND RECORDS FROM DEBTORS' ATTORNEY
DOUGLAS BELOFSKY UNDER 11 USC 542(e)**

The City of Chicago, derivatively standing in the shoes of the chapter 7 trustee ("Trustee"), moves for entry of an order directing Attorney Douglas Belofsky to turn over documents and records to the City pursuant to 11 U.S.C. § 542(e). The City issued a subpoena to Belofsky to produce client records to the City in furtherance of its investigation to recover estate assets. Belofsky failed to turn anything over. Belofsky has been representing the 21 jointly administered debtors[1] ("Debtors") and the affiliated entities[2] ("Affiliated Entities") for a significant period of time and possesses vital information about the Debtors' asset transfers and other financial

---

[1] The joint debtors are: B.A.S.S. & M., Inc., Dagny, LLC, Daisyland, LLC, Darcy, LLC, Darden, LLC, Debrox, LLC, Derby LLC, Dion, LLC, Direct, LLC, Distinctive, LLC, Dorchester, LLC, Dover I, LLC, MGIL, LLC, Real Soil, LLC, Real Taxes, LLC, Regal, LLC, S.T.E.P.A., Inc., STTA LLC, Super I, LLC, Vital, LLC, and Vivid, LLC.

[2] The affiliated entities are: Discount, Inn, Inc., Random Corp., Vincennes Corp., Rovo, LLC, Victorious, LLC, Turner Properties, Inc., Lot Acquisition, LLC, FCOC, LLC, NRH, LLC, S & M Development I Corp., SNS General Corp., Turner Properties, Inc., Clark LLC, Real Building, LLC, Simple Solo, LLC, Tax Property Investment Fund, LLC, NSW Assets LLC, NSW Properties LLC, Beam of Canaan, LLC, Pulse Path, LLC, and 4311 West Palmer, Inc.

affairs. Belofsky should now be ordered to turn over this information pursuant to 11 U.S.C. § 542(e). Any attorney-client privilege belongs to the Trustee, and derivatively to the City in its investigation of the Debtors' financial affairs. Therefore, the City is entitled to these documents and records immediately.

## I.  Background

On October 16, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). On October 29, 2024, the Court entered an order jointly administering the Debtors' cases under the lead case, *In re B.A.S.S. & M., Inc.*, Case No. 24-bk-15381.

On October 7, 2025, the Court entered an order converting the Debtors' cases to Chapter 7. On October 14, 2025, Ariane Holtschlag was appointed as Trustee. On December 16, 2025, the Court entered an order granting the City derivative standing to investigate and prosecute avoidance actions and other causes of actions allowable under the Bankruptcy Code, including authority to seek and request documents and evidence in the same manner as the Trustee. *See* Exhibit A (Dkt. 739) (City is "granted authority to seek and request documents and evidence in the same manner the Chapter 7 Trustee (the 'Trustee') would be authorized to do so, including under the Bankruptcy Code and through Rule 2004 examinations.")

On February 3, 2026, the Court entered an order granting the City leave pursuant to Bankruptcy Rule 2004 to examine the Affiliated Entities, Debtor's financial institutions, the Debtors' Accountants and Douglas Belofsky. Dkt. 779. The City

issued a subpoena for Rule 2004 Examination to Belofsky on February 18, 2026 ("Subpoena"), which required production of responsive documents by March 13, 2026. *See* Exhibit B (Belofsky Subpoena).

On March 9, 2026, the City emailed Belofsky, stating its legal authority for turnover of the documents and reattached a copy of the Subpoena. *See* City email, Exhibit C. Belofsky did not respond. As of the date of this motion, Belofsky has not submitted anything to the City. The Subpoena is overdue and the City has received no formal objection to any of the documents requests, received no privilege log (not that it could be applicable), and received no documents. Instead Belofsky is just telling the City he won't comply.

## II.    Relief Requested

The City seeks an order (a) directing Belofsky to turn over the documents and records, including all emails with attachments, whether physical or electronic, as requested in the Subpoena (Exhibit B), within 7 days of entry of this order and (b) requiring Belofsky to preserve documents and records not turned over.

## III.    Basis for Relief

Belofsky must turn over documents and records to the City. The City stands in the shoes of the Trustee with the authority to request documents and records in the same manner as the Trustee. Ex. A. Dkt. 739. There can be little doubt that the Trustee is entitled to these documents, and thus the City standing in the Trustee's shoes is entitled to their turnover.

### A. Turnover under § 542(e) is appropriate.

Congress, sensing that attorneys, accountants, or others holding recorded information might scoff at a trustee's request for documents and records, expressly provided recourse when such a request is denied. Section 542(e) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) provides:

> (e) Subject to any applicable privilege, after notice and hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

Thus, 542(e) "empowers a court to order anyone holding recorded information about property of a bankruptcy estate to turn over the information to the estate's trustee." *In re Foster*, 188 F.3d 1259, 1263 (10th Cir. 1999). "Whether the documents constitute property of the estate is irrelevant to the analysis under § 542(e)—the documents must only relate to estate property or the debtor's financial affairs." *In re VeroBlue Farms USA, Inc.*, 2025 WL 1156563, at *4 (Bankr. N.D. Iowa Apr. 18, 2025) (collecting cases). If they relate to the debtor's financial affairs they should be ordered turned over. *See id.* And the phrase "'relating to the debtor's property or financial affairs' should be broadly interpreted." *Id.* In short, § 542(e) "was intended to restrict, … the ability of accountants and attorneys to withhold information from the trustee." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351 (1985).

Debtors' prepetition attorney, Belofsky undoubtedly possesses records related to the Debtors' property and financial affairs. When asked at the 341 meeting under oath about why the Debtor transferred hundreds of lots to South Dakota entities that

8

they just created, Wilson responded that it was "on the advice of counsel." When asked who that counsel was, Wilson responded "Douglas Belofsky." In short, Belofsky advised Wilson as the person controlling the Debtors, to take all of the assets of some of the Debtors and transfer them to the LLC's that he had just created for her in South Dakota. This was just months before the Debtors filed for bankruptcy. Belofsky also appears to have been the Debtor's general practice attorney before the bankruptcy filings, providing general legal advice on how the LLC's should be operated. Therefore, the information, advice, related documents or communications, including emails that Belofsky provided to the Debtors (who operated through Wilson and her sister Swedlana Dass) should be turned over to the Trustee and the City to complete its investigation.

The City is similarly entitled to the client records of the Affiliated Entities. For decades preceding the bankruptcy filings, Wilson and her sister Swedlana Dass, directly or indirectly owned and controlled the Debtors and the Affiliated Entities that they used to shuffle around money and property for years. Many of the Debtors and Affiliated Entities nominally had their own bank accounts but those accounts were used to hold funds and pay expenses of other Debtors, Affiliated Entities, and for Wilson and Dass themselves. Pre-bankruptcy BMO Bank production revealed that some of the Affiliated Entities directly received funds belonging to some of the Debtors and paid some of the Debtors' obligations directly.

Wilson and Dass also used their own personal accounts to collect and hold Debtors' funds. While Wilson and Dass transferred funds around as was convenient for them,

9

they also caused some of the Debtors to transfer real estate properties to newly created entities on the eve of bankruptcy. Wilson and Dass created MGIL, LLC, and STTA, LLC in South Dakota on September 22, 2023. Then on October 2, 2023, and October 5, 2023, they transferred over 130 properties owned by Debtor S.T.E.P.A., Inc. and Debtor B.A.S.S. & M., Inc, to newly minted MGIL, LLC, and STTA, LLC.

In addition to MGIL and STTA, Wilson and Dass created more South Dakota entities, FCOC, LLC and NRH, LLC, to take control of some of the Debtor entities and the City has no documents reflecting those entities. Wilson and Dass filed documents with the Illinois Secretary of State changing the manager for several of the Debtors to FCOC or NRH. By changing managers to South Dakota entities, they were able to take advantage of a South Dakota law that does not disclose the owners or managers of entities in public filings. By either transferring the properties directly to newly created South Dakota entities or by transferring the ownership of the entities to newly created South Dakota entities, all or nearly all of the Debtors' properties were now owned by these new entities.

It is apparent from Wilson's 341 testimony that Belofsky played a critical role in creating these entities and advised the Debtors or at the very least knows about the Debtors' asset transfers to the other Debtors and Affiliated Entities. Belofsky's records could unearth potential and extremely likely fraudulent or preferential transfers to insiders. The City also needs to investigate an alter ego claim against the owners and all the entities they control as a single web to operate their real estate and property tax purchasing enterprise. This all certainly relates to the Debtors'

10

financial affairs and meets the requirements to turnover the documents and records requested from the Debtors and the Affiliated Entities.

**B. There is no applicable privilege to protect the records.**

While Belofsky has not responded to this subpoena, he has represented on behalf of the Debtors' accountants that there is some kind of privilege to protect those documents. Assuming Belofsky intends to assert attorney-client privilege to withhold his own records, this privilege would not preclude document turnover. Any privilege is owned by the client and not the attorney. Put simply, the attorney cannot refuse based on privilege if the client did not refuse based on privilege.

The Trustee and the City under its derivative standing powers now controls the privilege for all 21 Debtors. The United States Supreme Court has held that the bankruptcy trustee in a corporate chapter 7 case owns the corporation's privilege and has the power to waive that privilege with respect to all documents and communications, even if they occurred prior to the trustee's appointment. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985). The Trustee and the City are clearly not asserting the privilege against themselves. Therefore, all documents and communications between Belofsky and the Debtors, acting through Wilson, Dass, or anyone else, belong to the Trustee and must be turned over immediately. There is absolutely no colorable basis to withhold those records. The Trustee owns the privilege and the City has her rights.

Even if there were a privilege, where there is not, the "party seeking to invoke the privilege has the burden of establishing all of its essential elements." *United States*

11

*v. Lawless*, 709 F.2d 487, 487 (7th Cir. 1983). The scope of the privilege should be "strictly confined within the narrowest possible limits," and "a blanket claim of privilege is unacceptable." *Id.* Instead, the privilege must be asserted on a "question-by-question or document-by-document basis." *Id.* Belofsky has not responded or produced anything at all. There is no privilege log or assertion of what privilege would apply to what documents. Belofsky cannot simply ignore the City's request.

With respect to documents and records regarding the Affiliated Entities, Belofsky request is significantly narrower. The Subpoena only requires production of "Any and all engagement agreements, letters, or contracts, you have with any of the Debtors, Affiliated Entities, Suzie Wilson (in any capacity), or Swedlana Dass (in any capacity). Engagement agreements are not privileged. *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247 (2d Cir. 1986). They simply are necessary to obtain informed legal advice for the client. They are simply a business agreement documenting a transaction for services. Thus, there is no privilege here either.

Belofsky has no basis for withholding the documents and they must be ordered turned over to the City immediately.

### IV.   Conclusion

THEREFORE, the City requests that this Court enter an order directing Belofsky turn over all documents and records, including all emails with attachments, whether physical or electronic, as requested in the Subpoena (Exhibit B), within seven (7) days of entry of this order, and to preserve other documents and records pertaining to the Debtors and Affiliated Entities.

12

Dated:     April 6, 2026                           Respectfully submitted,

                                                    **CITY OF CHICAGO,** NOT INDIVIDUALLY,
                                                    BUT DERIVATIVELY ON BEHALF OF THE
                                                    DEBTORS' BANKRUPTCY ESTATES,

                                                    Corporation Counsel
                                                    Mary B. Richardson-Lowry

                            By /s/    Angelica Harb
                                                    Assistant Corporation Counsel

Angelica Harb, Assistant Corporation Counsel
City of Chicago Department of Law
121 North La Salle Street, Suite 400
Chicago, Illinois 60602
312-742-0661
Angelica.harb@cityofchicago.org
COALservice@cityofchicago.org

13