# EXHIBIT B

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____   District of Illinois _____

In re B.A.S.S. & M., Inc., et al. _____   Case No. 24-bk-15381 _____

Debtor

Chapter 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Douglas Belofsky _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 121 N. La Salle St., Ste. 400 Chicago, IL 60602 Produce Documents via email to address on attached Rider | March 13, 2026 3:30 pm Central Prevailing Time |

The examination will be recorded by this method: N/A (production only) _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

# All Documents on attached Rider.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/18/26 _____

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
City of Chicago _____, who issues or requests this subpoena, are:

David Holtkamp, 121 N. La Salle St., Ste. 400, Chicago, IL 60602, David.Holtkamp2@cityofchicago.org, 312-744-6967

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Douglas Belofsky
on *(date)* 2/18/26 .

☒ I served the subpoena by delivering a copy to the named person as follows: By U.S. Mail, proper postage paid sent to
707 Skokie Boulevard Suite 600, Northbrook, IL 60062 and 3926 Brittany Rd, Northbrook, IL

_____ on *(date)* 2/18/26 _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 2/18/26

_____
*Server's signature*

David Holtham
Deputy
*Printed name and title*

121 N LaSalle St Ste 400
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## RIDER FOR SUBPOENA TO
## DOUGLAS BELOFSKY

### I. DEFINITIONS

A. *"Affiliated Entities"* means each and every one of the following entities:

1. 4311 West Palmer, Inc.,
2. Beam of Canaan, LLC,
3. Clark, LLC,
4. Comma Corp.,
5. Common I, LLC,
6. Discount Inn, Inc.,
7. Dulce, LLC,
8. FCOC, LLC,
9. Lot Acquisition, LLC,
10. MNM Realty, Inc.,
11. NRH, LLC,
12. NSW Assets, LLC,
13. NSW Properties, LLC,
14. Pulse Path, LLC,
15. Random Corp.,
16. Real Building, LLC,
17. Rovo, LLC,
18. S & M Development I Corp.,
19. Simple Solo, LLC,
20. SNS General Corp.,
21. Tax Property Investment Fund, LLC,
22. Turner Properties, Inc.,
23. Victorious, LLC, and
24. Vincennes Corp.

B. *"Communication"* or *"communications"* means any transmission or exchange of information, of any kind, between individuals or companies, in any manner, whether verbal, written, electronic, or otherwise, whether direct or through an intermediary.

C. *"Debtors"* means the following entities listed below that have pending bankruptcy cases jointly administered under Case No. 24-bk-15381:

1. B.A.S.S. & M., Inc.,
2. Dagny, LLC,
3. Daisyland, LLC,
4. Darcy, LLC
5. Darden, LLC,
6. Debrox, LLC,
7. Derby, LLC,
8. Dion, LLC,
9. Direct, LLC,
10. Distinctive, LLC,
11. Dorchester, LLC,
12. Dover I, LLC,
13. MGIL, LLC,
14. Real Soil, LLC,
15. Real Taxes, LLC,
16. Regal, LLC,
17. S.T.E.P.A., Inc.,
18. STTA, LLC,
19. Super I, LLC,
20. Vital, LLC, and
21. Vivid, LLC.

D. *"Document"* or *"documents"* has the broadest possible meaning and includes the original and any copy, regardless of its origin and location, and includes without limitation, **writings** and printed matters, including **e-mails** and **text messages**, other tangible things, and data stored, maintained or organized electronically, magnetically or through the use of computer equipment, computer memory, computer memory disk, or memory media, whether or not printed, any information which is accessible by reason of any computer or other device and

translated, if necessary, by you into a reasonably usable form. Any document containing alterations, comments, notes, or other material not included in the copies or originals referred to in the preceding definition shall be deemed a separate document. A document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or to assure that the document is not misleading.

E. *"Relating to"* means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, stating, evaluating, recommending, setting forth, or supporting.

F. *"Suzie Wilson"* means Suzie Baba Wilson, social security number ending in 3747, recently residing at 1683 Braeside Lane, Northbrook, Illinois, 60062, but now residing at 308 Chantilly Trail, Bradenton, Florida, 34212, , and any of her agents or anyone else acting on her behalf.

G. *"Swedlana Dass"* means Swedlana B. Dass, social security number ending in 0773, most recently residing at 1683 Braeside Lane, Northbrook, Illinois, 60062, and any of her agents or anyone else acting on her behalf.

H. *"You,"* and its various forms such as *"your,"* means and refers to the person or entity this subpoena is directed to, and all persons acting or purporting to act on their behalf, including bankers, attorneys, accountants, and all other agents including anyone working at your law offices.

## II. INSTRUCTIONS

A. **Affidavit**. Documents shall be accompanied by an affidavit of an individual competent to testify that any copies are true, correct, and complete copies of the original documents.

B. **Continuing Request**. In accordance with Fed. R. Civ. P. 45, these requests shall be regarded as continuing requests and you are to seasonably supplement your responses to the extent you, or anyone acting on your behalf, obtains additional information or documents related to these requests.

C. **Documents**. Documents and things shall be produced as they are kept in the ordinary course of business. Documents produced, regardless of format or form and regardless of whether submitted in hard copy or electronic format, shall be produced in complete form, un-redacted unless privileged, and in the order in which they appear in your files. Documents shall not be shuffled or rearranged. All documents shall identify the files from which they are being produced. All documents shall be produced in color, where necessary to interpret the document.

All documents shall be marked on each page with a corporate identifier and consecutive document control numbers.

D. **Headings**. The various headings in this Rider are inserted for convenience only and shall not affect the meaning or interpretation of this Rider or any provision in it. Headings do not define, limit, or describe the scope of any requested document.

E. **Lost or Destroyed**. If you have reason to believe that documents responsive to a particular request once existed, but no longer exist, for reasons other than the ordinary course of business or the implementation of your document retention policy: (1) state the circumstances under which they were lost, transferred, discarded, or disposed; (2) describe the documents to the fullest extent possible; (3) state the request(s) to which the documents are responsive; (4) state the date, manner, and reason for loss, transfer, discard, or disposal of the documents; (5) identify persons who were involved with or authorized the loss, transfer, discard, or disposal of the documents; and, (6) identify persons having knowledge of the content of such documents.

F. **Past v. Present**. The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of any of these requests any documents or information that would otherwise not be within their scope.

G. **Privilege Log**. If you withhold from production any document responsive to these requests based on a claim of privilege, identify: (1) the type of documents (letter, memo, e-mail, *etc.*); (2) the document's author(s) or creator(s); (3) the document's addressee(s) and recipient(s); (4) the document's general subject matter; (5) all persons to whom the document or any portion of it has already been revealed; (6) the source of the document; (7) the date of the document, and (8) the basis for withholding the document.

H. **Questions**. If you do not understand any of the following descriptions of the documents to be produced, you or your counsel should contact counsel as identified on the subpoena for clarification sufficiently prior to the return date.

I. **Return Date**. The official responsible for preparing the subpoena response shall appear with the documents on the return date. However, you may comply with the subpoena by making full return of all documents or exhibits specified in this subpoena to counsel at the following address: David Holtkamp, by email at David.Holtkamp2@cityofchicago.org and cc COALservice@cityofchicago.org.

J. **Singular v. Plural**. The use of the singular shall be deemed to include the plural and vice versa. The terms **"and"** and **"or"** have both conjunctive and disjunctive meanings. The terms **"each,"** **"any,"** and **"all"** mean **"each and every."**

> K. **Time period.** Unless otherwise indicated, these requests cover the time period of **January 1, 2018, to the present.**

III.   <u>DOCUMENT REQUESTS</u>

**A. All Debtor Client Records**

1. All Documents in your possession, custody, or control that belong to or are related to the Debtors from the inception of your relationship with Suzie Wilson or Swedlana Dass to present.

    For avoidance of doubt, this means all client files regarding any and all of the Debtors.

2. All Communications (including emails with attachments) from you or any of your agents, employees, or anyone else acting on your behalf, providing any type of advice, consultation, or any other information of any nature to the Debtors, on behalf of the Debtors, or related to the Debtors.

    For avoidance of doubt, this includes all communications, including emails to Suzie Wilson or Swedlana Dass related to the Debtors.

3. All Communications (including emails with attachments) to you or any of your agents, employees, or anyone else acting on your behalf, requesting advice, consultation, or any other information of any nature, or providing information of any nature, on behalf of the Debtors or related to the Debtors.

    For avoidance of doubt, this includes all communications, including emails from Suzie Wilson or Swedlana Dass related to the Debtors.

4. All Documents and Communications that provide any advice, counsel, instruction, or work product related to the transfer of properties owned by B.A.S.S. & M., Inc., to STTA LLC or any other person or entity.

5. All Documents and Communications that provide any advice, counsel, instruction, or work product related to the transfer of properties owned by S.T.E.P.A., Inc., to MGIL, LLC, or any other person or entity.

6. Any and all billing statements, invoices, receipts, cleared checks, electronic payments records, or any other type of Document that evidence any payment for work done for the Debtors by you or any of your agents, employees, or anyone else acting on your behalf.

7. Any and all engagements agreements, letters, or contracts, you have with any of the Debtors, Affiliated Entities, Suzie Wilson (in any capacity), or Swedlana Dass (in any capacity).

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 24-15381 |
| B.A.S.S. & M, Inc., et al., | ) | (Jointly Administered) |
| | ) | Chapter: 7 |
| | ) | Honorable Daniel R. Fine |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER GRANTING CITY OF CHICAGO'S MOTION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATIONS

This matter coming before the Court on the City of Chicago's Motion for Leave to Conduct Rule 2004 Examinations (the "Motion"), IT IS HEREBY ORDERED:

1. The Motion is Granted;

2. The City of Chicago is granted leave to examine the following persons and entities, including by issuing subpoenas to and regarding: Discount, Inn, Inc., Random Corp, Vincennes, Corp., Rovo, LLC, Victorious, LLC, Turner Properties, Inc., Lot Acquisition, LLC, FCOC, LLC, NRH, LLC, Comma Corp., Common I, LLC, Dulce, LLC, MNM Realty, Inc., NRH, LLC, S & M Development I Corp., SNS General Corp., Turner Properties, Inc., Clark LLC, Real Building, LLC, Simple Solo, LLC, Tax Property Investment Fund, LLC, NSW Assets LLC, NSW Properties LLC, Beam of Canaan, LLC, Pulse Path, LLC, 4311 West Palmer, Inc., BMO Harris Bank, JPMorgan Chase Bank, First Midwest Bank, Old National Bank, Associated Bank, American Express, S & O Consulting Group, Inc., Shapiro Olefsky & Company, and Douglas Belofsky.

Enter:

Honorable Daniel R. Fine
United States Bankruptcy Judge

Dated: February 03, 2026

**Prepared by:**

David P. Holtkamp (ARDC# 6298815)
Deputy Corporation Counsel
City of Chicago Department of Law
121 N. La Salle St., Ste. 400
Chicago, Illinois 60602
312-744-6967
David.Holtkamp2@cityofchicago.org
COALservice@cityofchicago.org