# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, ("Agreement") is entered into by and between the **City of Chicago, not individually, but derivatively on behalf of the Chapter 7 Trustee and on behalf of the bankruptcy estates of B.A.S.S. & M., Inc., et al., Case No. 24-bk-15381 (Jointly Administered)** (the "City"), and **Landsman Saldinger Carroll PLLC** ("Landsman"), collectively referred to as the "Parties."

## RECITALS

WHEREAS, on January 15, 2026, the City filed an adversary proceeding styled *City of Chicago v. Landsman Saldinger Carroll PLLC, et al.*, Adv. Pro. No. 26-00018 (the "Adversary Proceeding"), asserting claims including avoidance, turnover, and disgorgement relating to prepetition transfers made to Landsman;

WHEREAS, the City alleges that it is authorized to pursue such claims pursuant to the Order granting derivative standing entered December 16, 2025, in Case No. 24-bk-15381;

WHEREAS, Landsman denies all liability and wrongdoing;

WHEREAS, the Parties desire to settle, compromise, and resolve all claims asserted against Landsman in the Adversary Proceeding, without resolving or affecting any claims against any other defendant;

NOW, THEREFORE, in consideration of the foregoing, and for other valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

## SETTLEMENT

### 1. Settlement Payment

Landsman agrees to pay the total amount of **Seven Thousand Five Hundred Dollars ($7,500.00)** (the "Settlement Amount") to the Chapter 7 Trustee for the bankruptcy estates.

Landsman shall initiate payment within one (1) day after entry of a final, non-appealable order approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

Payment shall be made by check payable to the **Trustee of the Bankruptcy Estates of B.A.S.S. & M., Inc., et al., Case No. 24-bk-15381.** Within one (1) day after entry of a final, non-appealable order approving this Agreement, Landsman will initiate an online payment to be sent from its JPMorgan Chase business account via mail to 1245 S Michigan #115, Chicago, IL 60605. The same day Landsman initiates the online payment, it will provide proof of initiation to the City.

### 2. Court Approval

This Agreement is expressly conditioned upon approval by the Bankruptcy Court pursuant to Rule 9019.

1

If Court approval is not obtained, this Agreement shall be null and void, and the Parties shall be restored to their respective litigation positions as if this Agreement had not been executed.

For purposes of this Agreement, the "Effective Date" means the date of entry of a final, non-appealable order approving this Agreement pursuant to Rule 9019.

### 3. Dismissal of Claims Against Landsman

Upon receipt of the Settlement Amount:

a. The City shall dismiss with prejudice all claims asserted against Landman in the Adversary Proceeding.
b. The City shall dismiss Landman as party defendant in the Adversary Proceeding.
c. The dismissal shall apply solely to Landsman.
d. The Adversary Proceeding shall continue as to Suzie Baba Wilson and Swedlana Dass, and any other non-settling defendant.

### 4. The Trustee's General Release of Landsman and Landsman's Limited Release of the City of the Chicago and the Chapter 7 Trustee

The releases set forth herein do not release any claims arising from enforcement of this Agreement or from conduct occurring after the Effective Date.

a. General Release by the City (Limited to Landsman):

Upon payment of the Settlement Amount, the City, derivatively on behalf of the Chapter 7 Trustee and derivatively on behalf of the above-referenced jointly administered bankruptcy estates, releases and discharges Landsman from any and all claims, causes of action, liabilities, and demands that were asserted or could have been asserted by the City (as defined herein) against Landsman arising from or relating to the Adversary Proceeding and/or arising from or relating to Landsman's prior legal representation of any of the Debtors prior to and/or during the above-referenced bankruptcy proceedings. For the avoidance of any doubt, this release of Landsman is intended to include, but not be limited to, any and all claims, causes of actions, liabilities and demand arising from or relating to any monies paid by Debtors, by Suzie Wilson and/by Swedlana Dass to Landsman for legal services rendered.

This release applies only to Landsman does not release any other defendant in the Adversary Proceeding and does not impair any claims against non-settling parties.

b. Limited Release by Landsman (Limited to the City and the Trustee)

Upon payment of the Settlement Amount, Landsman releases and discharges the City of Chicago and the Chapter 7 Trustee, including their departments, officers, employees, and attorneys, from any and all claims, causes of action, liabilities, or demands that were asserted or could have been asserted by Landsman arising from the Adversary Proceeding; the filing of the Adversary Proceeding; the allegations asserted therein; and the events underlying those allegations.

2

This release applies only to the City and the Trustee and does not release any non-settling parties.

### 5. No Admission of Liability

This Agreement is a compromise of disputed claims. Neither Party admits liability or wrongdoing.

### 6. Default

If Landsman fails to timely pay the Settlement Amount or materially breaches this Agreement, the City may provide written notice of default. Landsman shall have five (5) business days to cure.

If not cured, the City may seek entry of judgment for the unpaid Settlement Amount; accrued interest; and reasonable attorneys' fees and costs incurred in enforcement. In any enforcement action following uncured breach, Landsman waives any defense to liability for the unpaid Settlement Amount; any defense based on the merits of the Adversary Proceeding; any right to contest entry of judgment for the unpaid amount (less sums paid).

### 7. Miscellaneous

    a. Each Party has had opportunity to consult counsel.
    b. Each Party bears its own fees except as provided herein.
    c. This Agreement binds and benefits the Parties and their successors.
    d. This Agreement is the entire agreement between the Parties regarding its subject matter.
    e. Amendments must be in writing signed by both Parties.
    f. The Parties consent to the Bankruptcy Court's jurisdiction to enforce this Agreement and enter final judgment upon default.
    g. If any provision is unenforceable, the remainder remains effective.
    h. This Agreement may be executed in counterparts and electronically.

[signature page below]

3

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date indicated below:

**City of Chicago, derivatively on behalf of the Chapter 7 Trustee and derivatively on behalf of the bankruptcy estates of B.A.S.S. & M., Inc., et al., Case No. 24-bk-15381 (Jointly Administered)**

Signed: _Peter Cavanaugh_

By: _Peter Cavanaugh_

Its: _Attorney_

Dated: April _21_, 2026


**Landsman Saldinger Carroll PLLC**

Signed: _Richard Saldinger_

By: _Richard Saldinger_

Its: _Member_

Dated: April _21_, 2026

4